LARSON ZIRZOW & KAPLAN, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzklegal.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzklegal.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Attorneys for Alleged Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>MEDIZONE INTERNATIONAL, INC.,<br><br>Alleged Debtor. | Case No.: 18-50412-gwz<br>Chapter 11 (Involuntary)<br><br>Scheduling Conference:<br>Date: August 23, 2018<br>Time: 10:00 a.m. |

## ANSWER TO INVOLUNTARY PETITION

Medizone International, Inc., a Nevada corporation, as alleged debtor ("MediZone"), hereby submits its answer to the *Involuntary Petition* (as amended, the "Involuntary Petition") [ECF No. 16] filed against it under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-referenced involuntary bankruptcy case (the "Involuntary Case") and hereby responds to the Involuntary Petition as follows:

### Answer

1. Answering paragraph 1, MediZone denies the allegations therein, and asserts that it has already commenced its own voluntary petition under chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Nevada, Las Vegas, Case No. 18-12662-leb (the "Voluntary Case").

2. Answering paragraph 2, MediZone admits.

3. Answering paragraph 3, MediZone admits.

4. Answering paragraph 4, MediZone's admits.

5. Answering paragraph 5, MediZone admits that its principal place of business in Kalamazoo, Michigan is correctly listed, but denies the balance of any allegations therein.

6. Answering paragraph 6, MediZone admits.

7. Answering paragraph 7, MediZone admits.

8. Answering paragraph 8, MediZone admits.

9. Answering paragraph 9, MediZone denies.

10. Answering paragraph 10, MediZone admits.

11. Answering paragraph 11, MediZone denies.

12. Answering paragraph 12, MediZone is without sufficient information to admit or deny whether any of the petitioning creditors transferred claims against MediZone, and thus denies the allegation.

13. Answering paragraph 13, MediZone denies the allegations therein.

14. As to the balance of the Involuntary Petition, denies the balance of any allegations therein.

## **Affirmative Defenses**

A. The Involuntary Petition fails to state a claim upon which relief can be granted.

B. The petitioning creditors do not hold qualifying claims entitling them to file the Involuntary Petition.

C. The petitioning creditors' claims are subject to bona fide dispute as to liability and amount pursuant to section 303(b)(1) of the Bankruptcy Code, and thus their Involuntary Petition lacks the requisite number of qualified petitioning creditors.

D. The Involuntary Petition was filed for an improper purpose and in bad faith.

E. The Involuntary Petition is barred because of laches, estoppel, waiver and/or unclean hands.

F. The petitioning creditors have failed to satisfy their burden of demonstrating the requirements to commence the Involuntary Case pursuant to section 303 of the Bankruptcy Code.

G. The Court should abstain from and dismiss the Involuntary Case pursuant to section 305(a)(1) of the Bankruptcy Code, or otherwise suspend the case in favor of allowing the

Voluntary Case proceed.

H. The Court should require the petitioning creditors to post a bond pursuant to section 303(e) of the Bankruptcy Code to indemnify MediZone for such amounts as the Court may allow pursuant to section 303(i) of the Bankruptcy Code.

I. As a result of the filing of the Involuntary Petition, MediZone has been compelled to retain and employ counsel in this matter, and at substantial cost to it, and thus after dismissing the Involuntary Petition, the Court should grant judgment in favor of MediZone and against the petitioning creditors jointly and severally, for any costs and reasonable attorneys' fees pursuant to section 303(i) of the Bankruptcy Code.

J. As a result of the filing of the Involuntary Petition, MediZone has suffered damages in an amount to be determined at trial.

K. MediZone has filed its own Voluntary Case under chapter 7 of the Bankruptcy Code, wherein a Chapter 7 Trustee, Lenard E. Schwartzer, has been appointed and assumed full control over MediZone and its operations, and that Voluntary Case should be allowed to proceed instead of the petitioning creditors' Involuntary Case.

L. Venue of the Involuntary Case should be transferred to the U.S. Bankruptcy Court for the District of Nevada, Las Vegas/Southern Division, which is where the Chapter 7 Trustee is administering the Voluntary Case.

### Prayer for Relief

WHEREFORE, MediZone prays for relief as follows:

1. That the Involuntary Petition be dismissed;

2. That the Court abstain from hearing the Involuntary Case pursuant to section 305(a)(1) of the Bankruptcy Code, and thus dismiss the case in favor of the Voluntary Case;

3. That the Court enter judgment in favor of MediZone and against petitioning creditors, jointly and severally, for all of MediZone's costs and reasonable attorneys' fees incurred as a result of the filing of the Involuntary Petition pursuant to section 303(i)(1) of the Bankruptcy Code;

4. That the Court enter judgment in favor of MediZone and against the petitioning

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

creditors for damages proximately caused by the filing of the Involuntary Petition pursuant to section 303(i)(2)(A) of the Bankruptcy Code;

5. That the Court enter judgment in favor of MediZone and against the petitioning creditors for punitive damages for their willful, wanton, malicious and oppressive conduct in filing the Involuntary Petition pursuant to section 303(i)(2)(B) of the Bankruptcy Code;

6. That the Court order that the petitioning creditors file a bond, pursuant to section 303(e) of the Bankruptcy Code, to indemnify MediZone for such amounts as the Court may later allow pursuant to section 303(i) of the Bankruptcy Code;

7. That the Court transfer venue of the Involuntary Case intra-District to the U.S. Bankruptcy Court for the District of Nevada, Las Vegas/Southern Division where the Voluntary Case is pending; and

8. That the Court award MediZone such other and further relief as is just and proper.

Dated: May 10, 2018.

By:  /s/ Matthew C. Zirzow
LARSON ZIRZOW & KAPLAN, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

Attorneys for Alleged Debtor